UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELIA FERREIRA AVELAR, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-30178-MGM |
| | * | |
| LORI STREETER, Superintendent, Franklin County Correctional Facility, | * | |
| | * | |
| | * | |
| Respondent. | * | |

<u>SERVICE ORDER</u>

November 13, 2018

MASTROIANNI, U.S.D.J.

On November 9, 2018, Petitioner Elia Ferreira Avelar, an immigration detainee currently confined at the Franklin County Jail and House of Correction in Greenfield, Massachusetts, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. No. 1. In his Petition, Ferreira Avelar seeks (1) a writ of habeas corpus directing the United States to produce him at a hearing and for the government to show cause why he should not be released from custody; (2) a declaratory judgment that he is eligible to be released on bond and that the Department of Homeland Security's interpretation of the Immigration and Nationality Act is unconstitutional; (3) an order releasing him from custody, or, in the alternative, a bond hearing; and (4) costs, expenses, and reasonable attorneys' fees. Together with his Petition, Ferreira Avelar filed an emergency motion to stay removal (Dkt. No. 1-2) and an emergency motion for a temporary restraining order prohibiting his

removal while his Petition and emergency motion to stay removal are pending (Dkt. Nos. 1-3 and 4).[1]

Ferreira Avelar names as respondents Mathew Whitaker, the Acting United States Attorney General, and Jon A. Goodell,[2] the Assistant Superintendent of the Franklin County Correctional Facility.

On November 9, 2018, Judge Stearns granted a temporary stay of removal, set to expire at 5:00 p.m. on November 13, 2018, subject to further order of the Western Division of this Court. This case was subsequently assigned to Judge Mastroianni of the Western Division.

ACCORDINGLY, this Court hereby orders as follows:

1.     Lori Streeter is the Superintendent of the Franklin County Correctional Facility. *See* Franklin County Sheriff Staff Directory, http://www.fcso-ma.us/staff-directory.html. As such, she is the person who has custody over Ferreira Avelar and is hereby substituted as the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435-36, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) (same, as applied to immigration detainee). Mr. Whitaker and Mr. Goodell are therefore dismissed from the action without prejudice.

2.     The Clerk of this Court shall serve a copy of the Petition for a Writ of Habeas Corpus, together with the accompanying motions, upon both

    a)     Respondent Streeter and

---

[1] These two emergency motions were attached to and filed with the Petition at Dkt. Nos. 1-2 and 1-3, respectively. The clerk refiled the emergency motion for a temporary restraining order as a separate docket entry at Dkt. No. 4. Therefore, the documents filed at Dkt. Nos. 1-3 and 4 are identical.

[2] The Petition and Ferreira Avelar's other submissions spell his last name as "Goodall." The Franklin County Sherriff's website, though, spells his last name as "Goodell." *See* Franklin County Sheriff Staff Directory, http://www.fcso-ma.us/staff-directory.html. In any event, as described below, Mr. Goodell is dismissed from this action without prejudice because he is not the person who has custody over Ferreira Avelar.

        b)        the United States Attorney for the District of Massachusetts.

3.       Respondent Streeter shall respond to the Petition within 21 days of the date of this Order.

4.       To give the Respondent time to respond and for the Court to fully consider the matters presented in the Petition and accompanying motions, the Court is extending the stay entered by Judge Stearns. Unless otherwise ordered by the Court, Ferreira Avelar shall not be moved outside the District of Massachusetts without providing the Court 48 hours' advance notice of the move, together with the reason(s) therefor, <u>and</u> without the Court's prior permission to move him. Any such 48-hour notice period shall commence at the date and time such notice is filed and shall expire 48 hours later, except "[i]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge